# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHANIE LYONS-ROCHETTI,**
**Claimant Below, Petitioner**

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-214**          (JCN: 2019026095)

**BLUEFIELD STATE UNIVERSITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie Lyons-Rochetti appeals the April 23, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Bluefield State University ("Bluefield") filed a response.[1] Ms. Lyons-Rochetti did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Ms. Lyons-Rochetti a 10% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 20, 2019, the claim administrator issued an order holding the claim compensable for sprain of the left shoulder, elbow, and wrist.

Joseph Grady, M.D., performed an independent medical evaluation ("IME") of Ms. Lyons-Rochetti on December 15, 2022. Dr. Grady found that Ms. Lyons-Rochetti was at maximum medical improvement ("MMI") for her compensable left wrist and elbow sprain. However, with regard to the left shoulder, an MR arthrogram of October 2019 revealed adhesive capsulitis and a labral tear. Dr. Grady opined that it would be reasonable to consider surgery, but he noted that, if surgery was not going to be pursued, then Ms. Lyons-Rochetti would be at MMI, as he did not anticipate any additional treatment that would significantly change the underlying conditions of the left arm.

---

[1] Ms. Lyons-Rochetti is represented by Gregory S. Prudich, Esq. Bluefield is represented by James W. Heslep, Esq.

1

In his IME report dated September 26, 2023, Dr. Grady found that Ms. Lyons-Rochetti was at MMI for the compensable injury and that additional treatment was not recommended. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Grady found that Ms. Lyons-Rochetti has 9% upper extremity impairment ("UEI") for left wrist range of motion abnormality, 2% UEI for range of motion loss in the left elbow, and 5% UEI for range of motion loss in the left shoulder. After combining the impairment for the left elbow, wrist, and shoulder, Dr. Grady found 16% UEI, which he converted to 10% whole person impairment ("WPI").

On October 10, 2023, the claim administrator issued an order granting a 10% PPD award based on the September 26, 2023, evaluation by Dr. Grady. Ms. Lyons-Rochetti protested this order.

The Board noted in its decision that Rebecca Thaxton, M.D., completed a Physician Review Report dated May 21, 2024, considering whether additional diagnoses should be added to the claim. Based on her review, Dr. Thaxton concluded that the left biceps tendon tear, superior glenoid labrum lesion of the left shoulder, left wrist radial-sided triangular fibrocartilage complex tear, left wrist synovitis, left wrist first dorsal compartment de Quervain's tenosynovitis, left wrist synovitis, and scapholunate ligament tear are supported as additional compensable components in the claim.

On August 13, 2024, Ms. Lyons-Rochetti was evaluated by Bruce Guberman, M.D., who found that Ms. Lyons-Rochetti was at MMI for her compensable injury. Using the *Guides*, Dr. Guberman opined that Ms. Lyons-Rochetti had 12% UEI for range of motion abnormalities of the left wrist, 2% UEI for range of motion abnormalities of the left elbow, 7% UEI for valgus deformity, and 6% UEI for the left shoulder range of motion abnormalities; and that these combine for 25% UEI, which converts to 15% WPI for the left wrist, elbow, and shoulder.

In his IME report dated January 24, 2025, Austin Nabet, M.D., found that Ms. Lyons-Rochetti had reached MMI for her compensable injuries. Using the *Guides*, Dr. Nabet opined that Ms. Lyons-Rochetti had 3% UEI for reduced left shoulder range of motion, 1% UEI for reduced left elbow range of motion, 10% UEI for reduced left wrist range of motion, for a combined total of 14% UEI. Dr. Nabet converted 14% UEI to an 8% WPI for the compensable injuries. Dr. Nabet further opined that there was no compensable rating for the valgus deformity of the left elbow because it is a bilateral congenital condition.

On April 23, 2025, the Board affirmed the claim administrator's order granting Ms. Lyons-Rochetti a 10% PPD award. The Board found that the preponderance of the

evidence establishes that Ms. Lyons-Rochetti has 10% impairment related to her compensable injuries. Ms. Lyons-Rochetti now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Lyons-Rochetti argues that she is entitled to be evaluated for all compensable injuries, and that Dr. Grady did not evaluate all compensable injuries as additional compensable conditions. According to Ms. Lyons-Rochetti, on June 21, 2024, Bluefield recognized as compensable a laceration of the muscle and tendon of the long head biceps muscle; radial styloid tenosynovitis; a traumatic rupture of a left wrist ligament; a superior glenoid labrum lesion of the left shoulder; ineffective tenosynovitis of the left wrist; left wrist radial styloid tenosynovitis de Quervain's; a left wrist radial-sided triangular fibrocartilage complex tear; left wrist first dorsal compartment de Quervain's; and a scapholunate ligament tear.[2] Ms. Lyons-Rochetti argues that these conditions were added to the claim following Dr. Grady's IME. Therefore, Dr. Grady's findings are invalid because he did not consider the new conditions. Ms. Lyons-Rochetti also argues that the reports of both Dr. Nabet and Dr. Grady are unreliable because they included impairment

---

[2] A June 21, 2024, order recognizing these conditions was not submitted to the Board. However, we note that the employer does not deny Ms. Lyons-Rochetti's allegations regarding the June 21, 2024, order. As discussed below, whether Bluefield accepted additional conditions does not affect the disposition of this appeal.

ratings for noncompensable conditions.[3] Ms. Lyons-Rochetti argues that, because Dr. Nabet's report should be found unreliable, his opinion regarding the valgus deformity should be disregarded. We disagree.

Here, the Board found that the reports of Drs. Grady and Nabet[4] are equally reliable, and, thus, it adopted the findings of Dr. Grady as required by West Virginia Code § 23-4-1g (a).[5] The Board further found that:

> Dr. Guberman is the sole evaluator to find compensable impairment for the valgus deformity, which Dr. Nabet reported was bilateral and, therefore, not related to the compensable left elbow injury. Dr. Guberman's report is not reliable in light of the reports from both Drs. Grady and Nabet, neither of whom found any compensable impairment for the valgus deformity.

Upon review, we conclude that the Board was not clearly wrong in finding that the preponderance of the evidence establishes that Ms. Lyons-Rochetti has 10% impairment related to her compensable injuries. While it may be true that Dr. Agnew's report was authored prior to the addition of new compensable conditions, it is also true that all three medical evaluators used the exact same method of evaluating Ms. Lyons-Rochetti's impairments. Dr. Agnew, Dr. Guberman, and Dr. Nabet used the Range of Motion Model for the wrist, elbow and shoulder. They also referenced the same Figures and page numbers within the *Guides*. Therefore, in this case, even though Dr. Agnew's report may have been made after the addition of compensable conditions, his report remains valid. In other words, nothing changed with the evaluation process of the claimant's impairment with the additional compensable conditions, and the claimant does not argue that either Dr. Agnew,

---

[3] Ms. Lyons-Rochetti indicates that both Dr. Nabet and Dr. Grady listed the noncompensable conditions of carpal tunnel syndrome and cubital tunnel syndrome as compensable and included these diagnoses in their impairment ratings. Upon review, it does not appear that either physician included an impairment rating for these conditions as the ratings are based on range of motion loss. Thus, we find no merit in this line of argument.

[4] In one paragraph of the Discussion section of its order, the Board states that Dr. Nabet found that Ms. Lyons-Rochetti has 15% impairment. This is obviously a typographical error, as the Board's order and Dr. Nabet's report indicate that he found 8% impairment.

[5] W. Va. Code § 23-4-1g(a) states, in relevant part, that "[i]f, after weighing all of the evidence regarding an issue, there is a finding that an equal amount of evidentiary weight exists for each side, the resolution that is most consistent with the claimant's position will be adopted."

4

Dr. Guberman or Dr. Nabet improperly applied the Range of Motion Model in their wrist, elbow, and shoulder evaluations. To summarize, the Board was not clearly wrong when it found Dr. Guberman's report invalid for including impairment due to a congenital deformity. The Board also did not abuse its discretion when it found Dr. Agnew's and Dr. Nabet's reports equally reliable and affirmed the 10% PPD award.

We note that Ms. Lyons-Rochetti is not precluded from seeking additional impairment evaluations for the compensable conditions added after Dr. Grady's evaluation.

Accordingly, we affirm the Board's April 23, 2025, order.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

5